## IN THE FOURTH JUDICIAL DISTRICT FOR THE STATE OF TENNESSEE
## GRAINGER COUNTY CIRCUIT COURT
## SITTING AT RUTLEDGE

DONALD WOODS,                          )
                                       )
    **Plaintiff**                      )
                                       )
v.                                     )     Case No. 9450-I
                                       )
CITY OF RUTLEDGE,                      )
RUTLEDGE POLICE DEPARTMENT,            )     **JURY TRIAL DEMANDED**
CHIEF OF POLICE DAVID FRYE,            )
INDIVIDUALLY AND                       )
IN HIS OFFICIAL CAPACITY,              )     CIRCUIT COURT
OFFICER RON COLLINS,                   )     FILED
INDIVIDUALLY AND                       )     HOUR ___ 10:35
IN HIS OFFICIAL CAPACITY,              )
JOINTLY AND SEVERALLY,                 )     JUL 10 2015
                                       )
    **Defendants.**                   )     CIRCUIT COURT CLERK

### COMPLAINT

**COMES NOW**, Donald Woods, by and through his undersigned counsel, and

states as follows:

### PARTIES, JURISDICTION, AND VENUE

1.    Donald Woods, hereafter referred to as "Plaintiff" is an adult individual

residing at 5673 Lynndale Lane, White Pine, Tennessee.

2.    Defendant, Officer Ron Collins, is an adult individual who, in his official

capacity, is an officer of the Rutledge Police Department located in Rutledge,

Tennessee.

3.    Defendant David Frye is an adult individual who, in his official capacity, is

Chief of Police at the Rutledge Police Department located in Rutledge, Tennessee.

4.    The Defendant, Rutledge Police Department is located in Rutledge,

THE TROY L LAW FIRM
Troy L. Bowlin, II
410 West 1st North St.
Morristown, TN 37814
(423) 581-2667
www.thebowlinlawfirm.com

1

EXHIBIT
1

Tennessee.

 5. This Honorable Court has subject matter jurisdiction pursuant to T.C.A. §16-10-101 based on it being a court of general jurisdiction.

 6. Venue is proper in this Court pursuant to T.C.A. § 20-4-101(a) because the cause of action arose in Grainger County.

### GENERAL FACTUAL ALLEGATIONS

 7. On or about July 12, 2014, Plaintiff received a phone call from a Rutledge Police Officer asking him to pick up his girlfriend from a campground located in Grainger County. When he arrived he was told to pick her up at 4:30 AM from the Grainger County Jail.

 8. Plaintiff parked his car at a Marathon Gas Station close to the Grainger County Jail and which was located in Rutledge, Tennessee to wait until the appointed time to pick up his girlfriend.

 9. During the time Plaintiff waited at the gas station, Officer Ron Collins drove by the gas station no less than three (3) times.

 10. At approximately 4:28 AM, Plaintiff started his vehicle in an effort to drive the rest of the way to the jail to pick up his girlfriend. At that time Officer Ron Collins, driving his marked Rutledge Police Department Cruiser, positioned his vehicle in such a way as to prevent Plaintiff from leaving.

 11. After Officer Ron Collins ensured that Plaintiff had no means of escape and without reasonable cause or reasonable suspicion that any crime had been committed, Defendant Collins while in the uniform of the Rutledge Police Department exited his Police Cruiser, approached Plaintiff and demanded Plaintiff's driver's license and registration information.

2

12.     Officer Ron Collins then forced Plaintiff to engage in a Field Sobriety Test despite a lack of any reasonable suspicion that Plaintiff had been drinking or was otherwise impaired.

13.     Because Officer Ron Collins was improperly trained and insufficiently supervised, he improperly administered the Field Sobriety Test in such a manner that the results falsely concluded that Plaintiff had failed.

14.     Officer Ron Collins then demanded that Plaintiff subject himself to a Blood Alcohol Test, which required the physical drawing of blood from Plaintiff.

15.     Plaintiff was arrested for the offense of Driving under the Influence of Alcohol and was detained at the Grainger County Jail for approximately Forty Eight (48) hours before being released on bond.

16.     As a result of being detained and charged with a crime, Plaintiff missed several days of work in order to be present at mandatory court appearances and was otherwise required to endure the inconveniences and severe emotional stress and trauma of navigating the criminal justice system.

17.     On September 14, 2014, the Tennessee Bureau of Investigation issued an *Official Alcohol Report* which indicated a negative amount of alcohol. There were no other reports issued which indicated that Plaintiff was under the influence of any substance on the date in question. Because Plaintiff's blood draw showed negative for any intoxicating substance, Plaintiff could not have been exhibiting the behaviors alleged by Officer Ron Collins which he used to justify a false DUI arrest and false imprisonment of Plaintiff.

18.     At no time was Plaintiff imprisoned by virtue of a duly authorized mittimus.

THE DOWLIN LAW FIRM
Troy L. Dowlin, II
400 West 1st North St.
Morristown, TN 37814
(423) 581-2667
www.thedowlinlawfirm.com

3

## WAIVER OF GOVERNMENTAL IMMUNITY

19.    Pursuant to T.C.A. § 29-20-205, governmental immunity of The City of Rutledge, The Rutledge Police Department, and Chief of Police David Frye is removed based on the negligent conduct of Officer Ron Collins acting under the scope of employment of the Rutledge Police Department, which proximately caused the injuries of Plaintiff.

20.    The conduct of Officer Ron Collins, which constitutes a common law false imprisonment, is not an enumerated exception to T.C.A § 29-20-205(2) because it was not pursuant to a "mittimus from a court". See Limbaugh v. Coffee Med. Ctr., 59 S.W.3d 73 (Tenn. 2001).

21.    Pursuant to T.C.A. § 29-20-201(b)(2), governmental immunity of The City of Rutledge, The Rutledge Police Department, and Chief of Police David Frye is also removed based on the willful, wanton, or gross negligence of Officer Ron Collins acting under the scope of employment of the Rutledge Police Department, which proximately caused the injuries of Plaintiff.

22.    Officer Ron Collins is a "Government Employee" as defined in T.C.A 29-20-107 based on his employment status with The Rutledge Police Department.

## COUNT I – FALSE IMPRISONMENT (OFFICER RON COLLINS)

23.    Plaintiff, Donald Woods, incorporates by reference paragraphs 1-18.

24.    Officer Ron Collins' conduct constitutes False Imprisonment in accordance with the common law of Tennessee.

25.    Officer Ron Collins' conduct during the events in question caused Plaintiff to be imprisoned and confined in jail for Forty Eight (48) hours against his will.

THE BOWLES LAW FIRM
Troy L. Bowlin, II
400 West 1st North St.
Morristown, TN 37814
(423) 581-2667
www.thebowlinlawfirm.com

4

26.     Officer Ron Collins' intentionally and unlawfully restrained, confined and detained Plaintiff without reasonable cause, reasonable suspicion, or reasonable grounds to believe that Plaintiff had committed a crime and by virtue of the show of authority as a police officer.

27.     Officer Collins' false arrest and false imprisonment without a mittimus resulted in damages to Plaintiff in the form of bail expenses, court costs, and loss of wages and pain and suffering in the form of distress, fear humiliation, grief, shame, worry and loss of enjoyment of life.

28.     The intentional, reckless, and deliberately indifferent conduct by Officer Ron Collins warrants the imposition of punitive damages to punish the conduct.

**WHEREFORE**, Plaintiff Donald Woods demands judgment in the amount of Five Hundred Thousand Dollars ($500,000.00), plus punitive damages to deter others from committing similar wrongs in the future in the amount of Five Million Dollars ($5,000,000.00), costs of this action, attorney's fees and any other further relief as the Court deems just and proper.

## COUNT II – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (OFFICER RON COLLINS)

29.     Plaintiff Donald Woods incorporates by reference paragraphs 1-18.

30.     The acts of Officer Ron Collins did constitute intentional infliction of emotional distress under Tennessee common law.

31.     Officer Ron Collin's act of falsely imprisoning Plaintiff was done with the intent to cause emotional distress because severe emotional distress resulting from the unjustified loss of liberty due to false imprisonment is substantial certainty to occur.

THE BOWLIN LAW FIRM

Troy L. Bowlin, II
400 West 1st North St.
Morristown, TN 37814
(423) 581-2667
www.thebowlinlawfirm.com

5

32.   Alternatively, Officer Ron Collin's act of falsely imprisoning Plaintiff was done with a reckless disregard of the likelihood that his actions would cause severe emotional distress because Officer Collin's sole focus, during the events in question, was concluding the arrest without regard to its lawfulness or resounding effects inflicted upon Plaintiff.

33.   Officer Ron Collins' actions constitute extreme and outrageous conduct because the unlawful infringement of the liberty of another by causing them to be subjected to the ignominy of jail and confinement runs contrary to our society's deep rooted principle beliefs regarding individual liberty.

34.   Officer Ron Collins' intentional, extreme and reckless conduct actually and proximately caused the emotional distress of Plaintiff because he himself physically restrained, confined and detained Plaintiff.

35. The negligent actions of Officer Ron Collins did cause serious and severe emotional injury to Plaintiff in the form of depression, anxiety and loss of enjoyment of life.

36.   The negligent actions of Officer Ron Collin's did cause compensatory damages in the form of pain and suffering in the form of distress, fear humiliation, grief, shame and worry, loss of the capacity for the enjoyment of life, and loss of wages.

37.   The intentional, reckless, and deliberately indifferent conduct by Officer Ron Collins warrants the imposition of punitive damages to punish the conduct.

**WHEREFORE**, Plaintiff Donald Woods demands judgment in the amount of Five Hundred Thousand Dollars ($500,000.00), plus punitive damages to deter others from committing similar wrongs in the future in the amount of Five Million Dollars

THE        LAW FIRM
Troy L. Bowlin, II
400 West 1ˢᵗ North St.
Morristown, TN 37814
(423) 581-2667
www.thebowlinlawfirm.com

6

($5,000,000.00), costs of this action, attorney's fees and any other further relief as the Court deems just and proper.

## COUNT III– NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS (OFFICER RON COLLINS)

38.     Plaintiff Donald Woods incorporates by reference paragraphs 1-18.

39.     The conduct of Officer Ron Collins did constitute Negligent Infliction of Emotional Distress under Tennessee common law.

40.     Officer Ron Collins did have a duty not to use his status as an officer of the law to unnecessarily or unlawfully infringe upon the liberty interest of Plaintiff.

41.     Officer Ron Collins did breach that duty owed to Plaintiff by causing him to be restrained, confined and detained against his will without reasonable cause.

42.     Officer Ron Collins actually and proximately caused serious and severe emotional injury to Plaintiff because he himself physically restrained, confined and detained Plaintiff without reasonable cause.

43. The negligent actions of Officer Ron Collins did cause serious and severe emotional injury to Plaintiff in the form of depression, anxiety and loss of enjoyment of life.

44.     The negligent actions of Officer Ron Collin's did cause compensatory damages in the form of bail expenses, court costs, and loss of wages and pain and suffering in the form of distress, fear humiliation, grief, shame and worry.

**WHEREFORE**, Plaintiff Donald Woods demands judgment in the amount of Five Hundred Thousand Dollars ($500,000.00), plus punitive damages to deter others from committing similar wrongs in the future in the amount of Five Million Dollars

THE _____ LAW FIRM

Troy L. Bowlin, II
408 West 1st North St.
Morristown, TN 37814
(423) 581-2667
www.thebowlinlawfirm.com

7

Case 3:15-cv-00382-PLR-HBG   Document 1-1   Filed 08/27/15   Page 7 of 14   PageID #: 10

(\$5,000,000.00), costs of this action, attorney's fees and any other further relief as the Court deems just and proper.

## COUNT IV – NEGLIGENT TRAINING AND SUPERVISION OF DEFENDANT RON COLLINS (CHIEF OF POLICE DAVID FRYE)

45. Plaintiff Donald Woods incorporates by reference paragraphs 1-18.

46. The acts or omissions of Chief of Police David Frye constitute gross negligence under Tennessee common law.

47. Chief of Police David Frye had a duty to ensure that police officers under his control were trained to lawfully perform their duties and properly administrate daily functions of their status as public officers, including arrests of persons suspected of driving while under the influence in accordance with the law of Tennessee and the State and United States Constitutional rights of citizens.

48. Chief of Police David Frye's failure to train Officer Ron Collins to properly carry out the functions of his office and lawfully perform his duties constitute a breach of that duty.

49. Chief of Police David Frye's failure to train and supervise Officer Ron Collins to properly carry out functions of the police department and lawfully perform his duties in interacting with the public, confronting persons not engaged in unlawful conduct, stopping without probable cause, and administering and interpreting field sobriety tests on the public, including Plaintiff Donald Woods, constitutes gross negligence because improperly training an officer of the law or, worse still, not training an officer at all displays a lack of concern for the safety and the rights of the persons within the city limits of the City of Rutledge.

50.     Chief of Police David Frye's grossly negligent conduct in failing to properly train or supervise Officer Ron Collins is a cause in fact of Plaintiff's injury because the injury would not have occurred but for the lack of that grossly inadequate or nonexistent training and supervision.

51.     Chief of Police David Frye's grossly negligent conduct is a legal cause of Plaintiff's false imprisonment because his failure to properly train or supervise Officer Ron Collins was a substantial factor in bringing about Plaintiff's harm and because the harm was a reasonably foreseeable result of an improperly trained and supervised police officer being set loose upon society.

52.     The negligent actions of Chief of Police David Frye did cause serious and severe emotional injury to Plaintiff in the form of depression, anxiety and loss of enjoyment of life.

53.     The negligent actions of Officer Ron Collin's did cause compensatory damages in the form of bail expenses, court costs, and loss of wages and pain and suffering in the form of distress, fear humiliation, grief, shame and worry.

54.     The reckless and deliberately indifferent conduct by Chief of Police David Frye warrants the imposition of punitive damages to punish the conduct.

**WHEREFORE,** Plaintiff Donald Woods demands judgment in the amount of Five Hundred Thousand Dollars ($500,000.00), plus punitive damages to deter others from committing similar wrongs in the future in the amount of Five Million Dollars ($5,000,000.00), costs of this action, attorney's fees and any other further relief as the Court deems just and proper.

[logo]

Troy L. Bowlin, II
400 West 1st North St.
Morristown, TN 37814
(423) 581-2667
www.thebowlinlawfirm.com

9

## COUNT V -- NEGLIGENCE IN TRAINING AND SUPERVISING
## (CITY OF RUTLEDGE; RUTLEDGE POLICE DEPARTMENT)

55.     Plaintiff Donald Woods incorporates by reference paragraphs 1-18.

56.     The acts or omissions of the City of Rutledge and the Rutledge Police Department constitute gross negligence under Tennessee common law.

57.     The City of Rutledge and the Rutledge Police Department had a duty to ensure that police officers were trained to lawfully perform their duties and properly administrate daily functions of their status as public officers, and the City of Rutledge and the Rutledge Police Department had a duty to ensure that police officers were trained so as to not cause harm to innocent citizens such as Plaintiff.

58.     The City of Rutledge and the Rutledge Police Department's failure to train both Officer Ron Collins and Chief of Police David Frye to properly carry out the functions of their office and lawfully perform their duties constitutes a breach of that duty. Moreover, Plaintiff's false imprisonment by Officer Ron Collins constitutes a breach of duty to prevent innocent citizens from being harmed by untrained and unsupervised police officers.

59.     The City of Rutledge and the Rutledge Police Department's failure to train and supervise Officer Ron Collins and Chief of Police David Frye to properly carry out the functions of the police department and lawfully perform their duties constitutes gross negligence because improperly training officers of the law or, worse still, not training officers at all displays a lack of concern for the safety of persons within the city limits of the City of Rutledge including Plaintiff.

60.     The City of Rutledge and the Rutledge Police Department's grossly negligent conduct in failing to properly train or supervise Officer Ron Collins and Chief

THE COOK LAW FIRM
Troy I. Bowlin, II
400 West 1st North St.
Morristown, TN 37814
(423) 581-2667
www.thecooklawfirm.com

10

of Police David Frye is a cause in fact of Plaintiff's injury because the injury would not have occurred but for the grossly inadequate training and supervision.

61.     The City of Rutledge and the Rutledge Police Department's grossly negligent conduct is a legal cause of Plaintiff's false imprisonment because his failure to properly train or supervise Officer Ron Collins and Chief of Police David Frye were substantial factors in bringing about Plaintiff's harm and because the harm was a reasonably foreseeable result of an improperly trained and supervised police officer being set loose upon citizens, such as Plaintiff, who had the misfortune to encounter such police officers.

62.     The negligent actions of the City of Rutledge and the Rutledge Police Department did cause compensatory damages in the form of bail expenses, court costs, and loss of wages and pain and suffering in the form of distress, fear humiliation, grief, shame, worry and loss of enjoyment of life.

63.     The reckless and deliberately indifferent conduct by the City of Rutledge and the Rutledge Police Department warrants the imposition of punitive damages to punish the conduct.

**WHEREFORE**, Plaintiff Donald Woods demands judgment in the amount of Five Hundred Thousand Dollars ($500,000.00), plus punitive damages to deter others from committing similar wrongs in the future in the amount of Five Million Dollars ($5,000,000.00), costs of this action, attorney's fees and any other further relief as the Court deems just and proper.

THE BOWLIN LAW FIRM

Troy I. Bowlin, II
400 West 1st North St.
Morristown, TN 37814
(423) 581-2667
www.thebowlinlawfirm.com

11

## JURY DEMAND

64. Plaintiff Donald Woods does hereby demand a jury trial on all of his

claims.

**RESPECTFULLY SUBMITTED**, this the $\underline{10}$ day of July 2015.

THE BOWLIN LAW FIRM

BY: _Brett a-Cm_

Brett A. Cole
Attorney for Donald Woods
400 West 1st North St.
Morristown, TN 37814
Telephone: (423) 581-2667

THE BOWLIN LAW FIRM

Troy L. Bowlin, II
400 West 1st North St.
Morristown, TN 37814
(423) 581-2667
www.thebowlinlawfirm.com

12

## IN THE FOURTH JUDICIAL DISTRICT FOR THE STATE OF TENNESSEE
### GRAINGER COUNTY CIRCUIT COURT
### SITTING AT RUTLEDGE

DONALD WOODS,

    Plaintiff

v.

Case No. QU50-I

CITY OF RUTLEDGE,
RUTLEDGE POLICE DEPARTMENT,
CHIEF OF POLICE DAVID FRYE,
INDIVIDUALLY AND
IN HIS OFFICIAL CAPACITY,
OFFICER RON COLLINS,
INDIVIDUALLY AND
IN HIS OFFICIAL CAPACITY,
JOINTLY AND SEVERALLY,

    Defendants.

JURY TRIAL DEMANED

*CIRCUIT COURT*
*HOUR FILED*
*10:35 A*
*JUL 10 2015*
*Amy Cox*
*CIRCUIT COURT CLERK*

### COST BOND

We, the undersigned, do hereby acknowledge ourselves as surety for all of the

costs of this cause.

This the 10 day of July 2015.

Brett A. Cole, Surety
Attorney for Plaintiff Donald Woods
400 West 1st North St.
Morristown, TN 37814
(423) 581-2667

THE BOWLIN LAW FIRM

Troy I. Bowlin, II
400 West 1st North St.
Morristown, TN 37814
(423) 581-2667
www.thebowlinlawfirm.com

13

Case 3:15-cv-00382-PLR-HBG Document 1-1 Filed 08/27/15 Page 13 of 14 PageID #: 16

# CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing **Complaint** has been delivered upon the Defendant in this case by U.S. Mail, postage prepaid or by hand delivery at:

**City of Rutledge**
**C/o Danny Turley**
**P.O. Box 36**
**Rutledge TN 37861**

**Rutledge Police Department**
**C/o David Frye**
**270 Justice Center Drive #103**
**Rutledge, TN 37861**

**David Frye**
**270 Justice Center Drive #103**
**Rutledge, TN 37861**

**Ron Collins**
**270 Justice Center Drive #103**
**Rutledge, TN 37861**

This the _10_ day of July 2015.

**THE BOWLIN LAW FIRM**

BY: _____

Brett A. Cole
Attorney for Donald Woods
400 West 1st North Street
Morristown, TN 37814
(423) 581-2667

THE BOWLIN LAW FIRM

Troy I. Bowlin, II
400 West 1st North St.
Morristown, TN 37814
(423) 581-2667
www.thebowlinlawfirm.com

14