## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

| | | |
|---|---|---|
| **DONALD WOODS,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:15-cv-00382** |
| | ) | |
| **CITY OF RUTLEDGE,** | ) | |
| **RUTLEDGE POLICE DEPARTMENT,** | ) | **JURY TRIAL DEMANDED** |
| **CHIEF OF POLICE DAVID FRYE,** | ) | |
| **INDIVIDUALLY AND** | ) | |
| **IN HIS OFFICIAL CAPACITY,** | ) | |
| **OFFICER RON COLLINS,** | ) | |
| **INDIVIDUALLY AND** | ) | |
| **IN HIS OFFICIAL CAPACITY,** | ) | |
| **JOINTLY AND SEVERALLY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT
### OF HIS MOTION TO REMAND

**COMES NOW,** Donald Woods, by and through his undersigned counsel and

pursuant to 28 U.S.C. § 1447 files this his Memorandum of Law in Support of his Motion

to Remand as follows:

### INTRODUCTION

This is a lawsuit in which the Plaintiff has asserted claims against The City of

Rutledge, The Rutledge Police Department, The Chief of the Rutledge Police

Department, and the Officer involved in his official and individual capacity for tort claims

falling under T.C.A. § 29-20-307 ("GTLA") arising out of the false arrest of Plaintiff due

to the negligence of the Defendants and the failure of the Rutledge Police Department

and its Chief to properly train the Officer involved in how to perform field sobriety tests.

For some inexplicable reason, Defendants have filed a Notice of Removal of these claims to Federal Court, claiming that they are actually Federal Claims pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and asserting that this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

The Plaintiff has filed a Motion To Remand asserting that the claims based upon Tennessee state law should be remanded back to State Court based upon T.C.A. § 29-20-307. Inasmuch as Tennessee has *original and exclusive* jurisdiction pursuant to T.C.A. § 29-20-307, there is no subject matter jurisdiction in this Court as the GTLA provides that jurisdiction rests in Tennessee State Courts.

The Defendants knew there was no reasonable basis for removal as the complaint in no way alleges any Federal claim and therefore an award of attorneys' fees is appropriate pursuant to U.S.C. 28 § 1447 (c).

**ARGUMENT**

I. **All Claims Must Be Remanded Back to State Court.**

The clear mandate of T.C.A. § 29-20-307 is that Tennessee has original and exclusive jurisdiction over tort claims against municipalities and their employees, including police officers. T.C.A. § 29-20-301 requires that the GTLA be strictly construed.

When immunity for a governmental entity is removed, any claims for damages must be brought in strict compliance with the terms of the Tennessee Governmental Tort Liability Act. T.C.A. § 29-20-201(c). Furthermore, the Tennessee Governmental Tort Liability Act establishes that the original and exclusive jurisdiction for claims against a governmental entity under the Act resides with the Circuit Court (unless the County has a population greater than 850,000, in which case the General Sessions Court is

also granted concurrent jurisdiction). T.C.A. § 29-20-307.

Plaintiff asserts that Tennessee has clearly mandated that all actions brought against governmental entities and their employees, which would fall under the Tennessee Governmental Tort Liability Act, are subject to the *exclusive* jurisdiction of the Tennessee Circuit Courts. There are no Federal claims brought in the instant complaint and therefore there is no argument that the Federal courts should exercise jurisdiction over the claims pled. Indeed, Federal courts have recognized that Tennessee claims falling under the GTLA should be heard in Tennessee State Courts. *Calhoun v. Carter County, Tennessee*, United States District Court Eastern District of Tennessee, No. 2:12-CV-398 (see attached) (Approving remand of State Court claims where joined with Federal claims: "While acknowledging the divergent case law, this Court concludes that the exclusivity provision of the TGTLA provides a compelling reason for the Court to decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(4) and declines to exercise supplemental jurisdiction over the plaintiff's claims brought pursuant to state law.") In the case before this Court, there are no Federal claims pled and Defendants' supposition that the claims pled are actually Federal constitutional claims ignores the vast body of case law where claims virtually identical to the ones pled in this complaint have shaped and modified citizens' rights under the GTLA in Tennessee.

This court lacks the subject matter jurisdiction to hear and resolve the claims that Plaintiff has pled in his Complaint.

II.     **Defendants' Assertion That Plaintiff's Claims Are Federal In Nature Ignores the Plain Language of the Complaint.**

A review of the allegations of the complaint shows that the causes of action pled

are basic torts; there are no claims alleging a violation or deprivation of the Plaintiff's Federal Constitutional rights. Unless, and until, there is an actual complaint that asserts Federal Constitutional claims, there is no legal or factual basis for removal pursuant to 28 U.S.C. § 1331 and therefore this Court must remand the matter back to State Court. *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25, 33 S.Ct. 410 (1913); *Caterpillar Inc. v Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425 (1987) (106 S.Ct. 3229, 92 L.Ed.2d 650 (1986) ("[F]ederal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint.")

Even in cases where the Plaintiff has indicated that they are going to amend a complaint to assert Federal claims, Federal courts have uniformly held that remand is required where there is no order granting the right to amend a complaint to assert Federal claims (*Savilla v. Speedway Superamerica, LLC*, 2002 WL 31487914 (S.D. W.V.) Order granting leave to amend did not on its face indicate that the claims to be added were Federal claims) or motion to amend attaching an amended complaint asserting Federal claims (Until state court grants leave to file a complaint asserting Federal claims there is no basis for the assertion of Federal subject matter jurisdiction. *Svoboda v. Smith & Nephew, Inc.*, 943 F.Supp.2d 1018 (2013))

In the case before this court, the Plaintiff has not sought to amend to assert Federal claims; has not indicated that he will be seeking to amend to assert Federal claims; nor has he filed any proposed amended complaint asserting Federal claims. ("The Union's removal of the School's state suit to this court was improvident and the remand inevitable. No federal claims cognizable under 28 U.S.C. § 1331, thus supporting removal under 28 U.S.C. § 1441, is asserted. No state claim preempted by

federal law and thus subject to re-characterization as a federal claim is involved. There is no indication that relief from any violation of the Union's First Amendment rights could not be achieved by appeals within the state court system, thus justifying removal under 28 U.S.C. § 1443. Perusal of these statutes would be and was sufficient to lead to remand from the bench without further ado." *Childrens' Village v. Greenburgh Eleven Teachers' Union Federation of Teachers Local 1532*, 867 F.Supp. 245.)

The burden is on the Defendants who have sought removal to establish that the requirements for removal have been satisfied. *Harris v. Deaconess Health Services Corp.,* 61 F.Supp.2d 889, 892 (E.D.Mo.1999) (citing *Hatridge v. Aetna Casualty & Surety Co.,* 415 F.2d 809, 814 (8th Cir.1969)). In seeking to establish the requirements, this court must strictly construe the removal statute and where there is any doubt about the existence of Federal jurisdiction, that doubt must be resolved in favor of remand to uphold the state court jurisdiction. *In re Business Men's Assurance Co. of America,* 992 F.2d 181, 183 (8th Cir.1993); *Transit Casualty Co. v. Certain Underwriters at Lloyd's of London,* 119 F.3d 619, 625 (8th Cir.1997); *Svoboda v. Smith & Nephew, Inc.*, 943 F.Supp.2d 1018 (2013)). Defendants have clearly failed to meet their burden to establish a reasonable basis for removal and this court must remand the matter back to the state court.

**III.** **While Imposition of Fees Pursuant to 42 U.S.C. § 1447(c) Is Discretionary It Is An Abuse of Discretion Not to Award Where Defendants Had No Reasonable Basis For Seeking Removal.**

The language of 42 U.S.C. § 1447 (c) provides that the court "may" require that the Defendants pay costs and fees reasonably incurred as a result of the removal. In determining whether or not a court should exercise the discretion to award fees and

Case 3:15-cv-00382-PLR-HBG   Document 5   Filed 09/04/15   Page 5 of 8   PageID #: 119

costs, the court must look to whether or not the Defendants had an objectively reasonable basis for seeking removal.

There is nothing in the Plaintiff's complaint, nor anything asserted in Defendants' Notice of Removal that would indicate that Defendants had an objectively reasonable basis for seeking the removal. What constitutes "objectively unreasonable" basis for removal is where at the time the Defendants filed their Notice of Removal the clearly established law clearly showed that there was no factual or legal basis for the exercise of Federal jurisdiction. *Lott v. Pfizer, Inc.,* 492 F.3d 789, 793 (2007). The language of the Complaint and the plain language of the cases requiring that the claims being asserted in the complaint be claims that fall under the original jurisdiction of the Federal courts, i.e. civil actions which arise under the United States Constitution, the laws, or treaties of the United States. 28 U.S.C. § 1331 (2002). Defendants point to nothing in Plaintiff's Complaint, which alleges a claim arising under the U.S. Constitution, nor under the laws or treaties of the United States.

As a consequence, it would be an abuse of discretion for this Court to deny Plaintiff reasonable costs and attorneys fees.

**CONCLUSION**

Based upon the foregoing, Plaintiff asks that this Complaint be remanded back to State Court under the authority of 28 U.S.C.A. § 1447 and that reasonable attorneys' fees and costs be imposed against Defendants for the filing of their Notice of Removal.

**RESPECTFULLY SUBMITTED**, this the **4**th day of **September**, 2015.

**THE BOWLIN LAW FIRM**


BY:    s/Troy L. Bowlin, II
        Troy L. Bowlin, II No. 025893
        Attorney for Plaintiffs
        400 West 1st North Street
        Morristown, TN  37814
        (423) 581-2667

## CERTIFICATE OF SERVICE

I hereby certify that on September 4th, 2015, a copy of the foregoing **Plaintiff's Memorandum of Law in Support of His Motion to Remand** was filed electronically. Notice of this filing will be sent by operation of the Court' s electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

**Benjamin K. Lauderback, BPR No. 20855**
**Watson, Roach, Batson, Rowell, & Lauderback, PLC**
**P.O. Box 131**
**Knoxville, Tennessee 37901-0131**

This the **4th** day of **September, 2015**.

**THE BOWLIN LAW FIRM**

BY: s/Troy L. Bowlin, II
Troy L. Bowlin, II No. 025893
Attorney for Plaintiffs
400 West 1st North Street
Morristown, TN 37814
(423) 581-2667