UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| Donald Woods, | ) |
| *Plaintiff*, | ) ) ) |
| v. | ) ) Case No. 3:15-CV-382-PLR-HBG |
| City of Rutledge, *et al.*, | ) ) ) |
| *Defendants*. | ) |

## Memorandum Opinion

The plaintiff in this lawsuit has asserted claims against the City of Rutledge, the Chief of the Rutledge Police Department, and Officer Ron Collins under the Tennessee Governmental Tort Liability Act. Tenn. Code Ann. §§ 29-20-101 *et seq.* (the "TGTLA"). The plaintiff asserted no federal claims. Nevertheless, the defendants filed a notice of removal claiming that, despite not explicitly pleading them, the plaintiff was actually asserting federal claims pursuant to 42 U.S.C. §§ 1983 and 1988, thereby giving this court federal question jurisdiction under 18 U.S.C. § 1331. The plaintiff, in turn, has filed a motion to remand the case back to state court because this Court lacks subject matter jurisdiction. [R. 4].

When there is no diversity of citizenship, there must be a federal question to support removal. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* The well-pleaded complaint rule "makes the

plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law" as the plaintiff has done in the present case. *Id.* There being no federal questions presented on the face of the plaintiff's complaint, this Court lacks subject matter jurisdiction over the case and must remand it back to the Circuit Court of Grainger County, Tennessee.

In his motion to remand, the plaintiff also seeks costs and fees incurred as a result of the removal under 42 U.S.C. § 1447(c). Such an award is discretionary and requires the Court to look to whether the defendants had an objectively reasonable basis for seeking removal. In the plaintiff's complaint, he sought many remedies only available in a federal § 1983 action, including: claims for attorney fees arising out of police conduct; damages in excess of what is allowed under the TGTLA.; and punitive damages. The plaintiff also demands a jury trial, which is unavailable under the TGTLA. Tenn. Code Ann. § 29-20-307. Based on these demands, the defendants' belief that the plaintiff may actually be asserting federal claims is not unreasonable. Accordingly, the plaintiff's motion for fees is denied.

In conclusion, because there is no federal question asserted in the plaintiff's complaint, this Court lacks subject matter jurisdiction. The plaintiff's motion to remand [R. 4] is **Granted**. The plaintiff's motion for fees and costs [also R. 4] is **Denied**. This action will be **Remanded** to the Circuit Court for Grainger County, Tennessee.[1]

**IT IS SO ORDERED**.

_____
**UNITED STATES DISTRICT JUDGE**

---

[1] After the plaintiff moved to remand the case, the defendants filed a motion to dismiss [R. 7]. Because the Court lacks subject matter jurisdiction, it cannot rule on that motion or any other pending motion.

2